# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>LAURA GEMA CARROLL,<br><br>      Defendant. | Case No. CR-24-120-RAW |

## ORDER

The Defendant is charged in a one-count indictment with Felon in Possession of Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Now before the court are the Defendant's motion to dismiss the Indictment for failure to state an offense [Docket No. 21] and the Government's response thereto [Docket No. 25].

The Defendant asserts an as-applied challenge to the charge in Count One for Felon in Possession of Firearm and Ammunition. A law is facially unconstitutional only when "no set of circumstances exist under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). In contrast, an as-applied challenge tests whether the contested law is constitutional as enforced against the particular parties before the court and the particular circumstances of the case. *United States v. Supreme Ct. of N.M.*, 839 F.3d 888, 907 (10th Cir. 2016) (citing *United States v. Carel*, 668 F.3d 1211, 1217 (2011)).

The Defendant argues that her predicate offenses – two DUI convictions – are not violent crimes, and that the Government cannot satisfy its burden to show that a lifetime prohibition against possessing a firearm based on these convictions is "consistent with the Nation's historical

tradition of firearm regulation" under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

In *Bruen*, the Supreme Court held that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *Bruen*, 142 S. Ct. at 2122. *Bruen* struck down New York's "proper cause" requirement for obtaining a license to carry a firearm outside the home because "it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." *Id*. at 2156. In reaching this conclusion, the Supreme Court instructed:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is *consistent with the Nation's historical tradition of firearm regulation*. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*Id*. at 2129-30 (emphasis added). The Court also instructed:

> To be clear, analogical reasoning under the Second Amendment is neither a regulatory straightjacket nor a regulatory blank check. On the one hand, courts should not "uphold every modern law that remotely resembles a historical analogue," because doing so "risk[s] endorsing outliers that our ancestors would never have accepted." On the other hand, analogical reasoning requires only that the government identify *a well-established and representative historical analogue, not a historical twin*. So even if a modern-day regulation is not a dead ringer for historical precursors, it still may be analogous enough to pass constitutional muster.

*Id*. at 2133 (internal citation omitted) (emphasis added).

After *Bruen* was decided, in *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023), the defendant Vincent challenged the constitutionality of § 922(g)(1) against nonviolent felons like herself. Vincent's conviction was for bank fraud, a federal felony. The Tenth Circuit found that "*Bruen* did not indisputably and pellucidly abrogate [its] precedential opinion in *McCane*." *Id*. at 1202 (citing *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009)). "*McCane* squarely

upheld the constitutionality of the ban on felons' possession of firearms." *Id*. (citations omitted). Moreover, "[under] *McCane*, we have no basis to draw constitutional distinctions based on the type of felony involved." *Id*. (citations omitted).

On appeal, the Supreme Court vacated and remanded *Vincent* for reconsideration in light of *United States v. Rahimi*, 602 U.S. 680 (2024). In *Rahimi*, the defendant contested whether 18 U.S.C. § 922(g)(8)* "could be enforced against him consistent with the Second Amendment." *Id*. at 684-85. Ultimately, the Court concluded that: "An individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." *Id*. at 702. The *Rahimi* Court reiterated that "the appropriate analysis involves considering whether the challenged regulation is consistent with the principles that underpin our regulatory tradition." *Id*. at 692. Additionally, a "historical twin" is not required. *Id*. at 701. Rather, *Bruen* requires a "historical analogue." *Id*. at 702.

Recently, on February 11, 2025, the Tenth Circuit issued its opinion finding that *Rahimi* does not undermine the panel's earlier results or reasoning and readopting its prior opinion. *Vincent v. Bondi*, No. 21-4121, 2025 WL 453999 (10th Cir. Feb. 11, 2025). The Tenth Circuit concluded that *McCane* remains binding after *Rahimi* and that under *McCane*, the Second Amendment does not prevent the application of § 922(g)(1) to nonviolent offenders. *Id*. at *2. "Under McCane, the Second Amendment doesn't prevent application of § 922(g)(1) to nonviolent offenders like Ms. Vincent." *Id*.

As the Tenth Circuit was bound by its precedent, so is this court. Section 922(g)(1) is not unconstitutional as applied to nonviolent offenders. The Defendant has not shown that §

---

* Section 922(g)(8) prohibits an individual subject to a domestic violence restraining order from possessing a firearm if the restraining order includes a finding that he represents a credible threat to the physical safety of such intimate partner or child.

922(g)(1) is unconstitutional as enforced against her based on the discrete facts in this case. Furthermore, as demonstrated by the Government, sufficient historical analogues exist such that imposition of § 922(g)(1) on the Defendant in this case passes constitutional muster. Accordingly, the Defendant's motions to dismiss the Indictment [Docket No. 21] is hereby DENIED.

**IT IS SO ORDERED** this 4th day of March, 2025.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**